IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>vs.<br><br>CLAYTON ALBERS,<br><br>   *Defendant.* | Case No. 93-10020-01-EFM |

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Defendant Clayton Albers' Motion Seeking Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 550). He seeks a reduction of his 360-month sentence due to a retroactive amendment to the sentencing guidelines. The government opposes Defendant's motion contending that the Court lacks jurisdiction because Defendant has already completed his term of imprisonment for this case and is currently imprisoned for a separate offense committed in the Western District of Oklahoma. For the reasons stated in more detail below, the Court denies Defendant's motion.

    **I.**  **Factual and Procedural Background**

  In September 1993, Defendant was convicted by jury in the District of Kansas on three counts: (1) conspiracy to manufacture methamphetamine with intent to distribute, (2) possession or distribution of ephedrine while knowing, or having reasonable cause to believe, that it would be

used to manufacture methamphetamine, and (3) manufacture of methamphetamine with intent to distribute.[1] He was sentenced to life imprisonment. On appeal, his life sentence was vacated because the Tenth Circuit found error in the district court's four-level enhancement.[2] Defendant was resentenced to a sentence of 360 months' imprisonment on Counts 1 and 3, to run concurrently, and 120 months on Count 2 to run concurrently with the sentence imposed on Counts 1 and 3.

During Defendant's imprisonment, on November 27, 2007, Defendant was convicted by jury in the Western District of Oklahoma of conspiracy to impede federal officials and mailing threatening communications. On March 31, 2008, the Western District of Oklahoma sentenced Defendant to 168 months' imprisonment, consisting of 60 months on one count and 108 months on the other count, to run consecutively. Pursuant to 18 U.S.C. § 3584(a),[3] the Western District of Oklahoma ordered the sentence to run consecutive to Defendant's undischarged term of imprisonment.

Defendant completed his term of imprisonment on the District of Kansas case on June 29, 2020, and he is now serving his term of imprisonment for his Western District of Oklahoma case. Defendant's projected release date is June 2, 2032.

---

[1] This case was previously before Judge Monti Belot, but it was reassigned to the undersigned when Defendant filed this motion.

[2] *United States v. Albers*, 93 F.3d 1469, 1486-89 (10th Cir. 1996) (finding that the evidence did not demonstrate that Defendant was a leader or organizer of criminal activity and thus the four-level enhancement was inappropriate).

[3] This statute provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run . . . consecutively. . . ."

On August 19, 2022, Defendant filed a motion in this Court seeking a reduction in his sentence due to Amendment 782.[4] Defendant also asserts that the Court should treat his Kansas and Oklahoma sentences as a single, aggregate sentence and thus reduce the aggregate term.[5] The government argues that the Court lacks jurisdiction over Defendant's request because Defendant is no longer serving his Kansas sentence but is instead serving his Oklahoma sentence. In addition, the government contends that the Court cannot aggregate the two sentences to apply a sentence reduction.

## II.     Legal Standard

Section 3582(c)(2) allows a district court to reduce a defendant's term of imprisonment if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."[6] If the defendant is eligible, the Court may reduce the defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

The Tenth Circuit has noted that there are "three distinct hurdles" the defendant must meet.[8] The first hurdle is jurisdictional, and "the defendant must show he was sentenced based on a

---

[4] Amendment 782 to the Sentencing Guidelines lowered the base offense levels for certain drug crimes by two levels, and it was made retroactive effective November 1, 2015.

[5] Defendant originally proceeded pro se, but Defendant is now represented by counsel, and his counsel filed a reply brief on Defendant's behalf.

[6] 18 U.S.C. § 3582(c)(2).

[7] *Id.*

[8] *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017).

guideline range the Sentencing Commission lowered subsequent to defendant's sentencing."[9] The second hurdle requires the defendant to "establish [that] his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)."[10] The final hurdle requires the defendant to "convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[11]

### III.  Analysis

The Court will first address the statute, applicable policy statements, and case law from the Tenth Circuit. Although a court may reduce a defendant's term of imprisonment if "the guideline range applicable to that defendant has subsequently been lowered,"[12] there are some prohibitions. First, "[b]y its express terms, [s]ection 3582(c)(2) provides only for the 'modification of a term of imprisonment.' "[13] "Once a defendant serves his original 'term of imprisonment,' the court no longer has authority to modify that portion of his sentence."[14] In this case, Defendant completed his term of imprisonment for his District of Kansas case. Thus, the plain language of § 3582(c)(2) does not provide an avenue for the Court to modify or reduce Defendant's term of imprisonment.

In addition, the policy statement in § 1B1.10(b)(2)(C) of the United States Sentencing Guidelines, which is applicable to sentence reductions under § 3582(c)(2), provides that "[i]n no

---

[9] *Id.*

[10] *Id.*

[11] *Id.* at 1289-90.

[12] U.S.S.G. § 1B1.10(a)(1). In this case, Amendment 782 reduced the guideline range for the offenses for which Defendant was sentenced in the District of Kansas.

[13] *United States v. Dahda*, 2022 WL 4079021, at *4 (D. Kan. 2022) (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010) (quoting 18 U.S.C. § 3582(c)(2))).

[14] *Id.* (quoting *United States v. Wilson*, 799 F. App'x 792, 794 (11th Cir. 2020); *United States v. Martin*, 974 F.3d 124, 144 (2d Cir. 2020); U.S.S.G. § 1B1.10(b)(2)(C)).

event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."[15] The Tenth Circuit explicitly requires that any sentence reduction be "consistent with the Commission's policy statements related to § 3582(c)(2)."[16] As noted above, Defendant already served his term of imprisonment, so the Guidelines prohibit the Court from reducing it to "less than the term" already served. Thus, Defendant is not eligible for a sentence reduction.[17] In sum, the plain language of the statute, applicable policy statements, and Tenth Circuit law prohibit the Court from reducing Defendant's completed term of imprisonment.

Defendant asserts, however, that the Court should treat his Kansas and Oklahoma prison sentences as one aggregate sentence. He asserts that 18 U.S.C. § 3584(c) addresses multiple federal sentences and provides that they should be treated as a single, aggregate sentence. Because Defendant contends that his Kansas and Oklahoma sentence should be aggregated as a single sentence, he argues that this Court can still modify the Kansas sentence (thus adjusting the aggregate term). Defendant does not provide the Court with any authority or case law allowing for this type of aggregation of sentences. And Defendant's counsel acknowledges that there is no Tenth Circuit law on this issue.[18]

The government contends that § 3584(c) only allows for the aggregation of sentences for administrative purposes. In addition, the government asserts that the Court would violate § 1B1.10(b)(2)(C) and indirectly interfere with another court's sentencing decision if it aggregated

---

[15] U.S.S.G. § § 1B1.10(b)(2)(C).

[16] *C.D.*, 848 F.3d at 1289.

[17] *See United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017) ("Because [the defendant] had already served the sentence that was eligible for reduction under Amendment 782, his § 3582(c)(2) motion was not consistent with § 1B1.10.") (internal quotation marks omitted).

[18] As will be noted below, there are multiple decisions from different circuits rejecting this contention.

the two sentences.  Finally, the government directs the Court to a case from the Eleventh Circuit, *United States v. Llewlyn*,[19] in which the court found that aggregation of sentences from separate courts for the purpose of reducing a sentence was improper.[20]  The Court agrees with the government's position.

The plain language of 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for *administrative purposes* as a single, aggregate term of imprisonment."[21]  Several circuits have determined that "district courts' judicial decisions under § 3582 do not constitute an 'administrative purpose' [and that] [t]his language instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served."[22]  Because aggregating Defendant's sentences to apply a sentence reduction under § 3582(c)(2) does not serve an administrative purpose, it is not appropriate under nor authorized by § 3584(c).

In addition, the Eleventh Circuit's decision in *Llewlyn* is instructive because the facts there are like the ones here.  In that case, two different federal courts (the Southern District of Florida and the Western District of North Carolina) sentenced the defendant to two different federal sentences, with the second sentence to run consecutively to the first sentence.[23]  The defendant's

---

[19] 879 F.3d 1291 (11th Cir. 2018).

[20] *Id.* at 1294-98.

[21] 18 U.S.C. § 3584(c) (emphasis added).

[22] *Llewlyn*, 879 F.3d at 1295 (noting similar determinations from the First, Fifth, Seventh, and Eighth Circuits and noting that every circuit addressing a similar argument has rejected it); *see also United States v. Vaughn*, 806 F.3d 640, 643-44 (1st Cir. 2015) (finding that defendant was ineligible for a sentence reduction under § 3582(c)(2) because § 3584(c) "specifies that aggregation is 'for administrative purposes,' and the issue at hand is judicial, not administrative").

[23] After the defendant began serving his sentence in the Southern District of Florida, he was convicted of drug charges in the Western District of North Carolina.

first term of imprisonment ended, and he then began serving his second sentence.[24] Approximately five years after his first sentence from the Southern District of Florida ended (and while he was still serving his second term), the defendant requested a sentence reduction pursuant to § 3582(c)(2) in the Southern District of Florida.[25] The district court denied the defendant's request finding that it "would be inconsistent with the prohibition in § 1B1.10."[26]

In affirming the district court's decision, the Eleventh Circuit addressed the defendant's argument that his two consecutive federal sentences were aggregated as a single sentence under § 3584(c)[27] As noted above, the Eleventh Circuit first rejected this argument finding that a judicial decision under § 3582 did not constitute an administrative purpose.[28]  In addition, the circuit determined that the reduction of the defendant's first sentence "after its completion would not only violate U.S.S.G. § 1B1.10, but might allow one court to indirectly interfere with the sentencing decisions of another."[29] The Eleventh Circuit concluded that the case was " 'about two separate and independent federal crimes, committed at separate times and sentenced separately by two different judges.' "[30]  Because the defendant had "already served the entirety of his otherwise eligible sentence, he [was] ineligible for a sentence reduction pursuant to § 3582(c)(2)."[31]

---

[24] *Llewlyn*, 879 F.3d at 1293.

[25] *Id.*

[26] *Id.* at 1295.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 1298.

[30] *Id.* (quoting *Vaughn*, 806 F.3d at 641).  The Court notes that some courts have reduced a sentence when the defendant's consecutive sentences "arose out of the same course of conduct," and the same court imposed the sentences.  *Id.* at 1297-98 (noting several cases).  Those facts are not present here.

[31] *Id.*

In this case, the same facts are present. Defendant seeks a reduction on a sentence imposed by the District of Kansas, but he has already completed his term of imprisonment. Only if he remained imprisoned on that sentence would he be eligible for a reduction under Amendment 782. Instead, Defendant is currently serving a sentence imposed by the Western District of Oklahoma for conspiracy to impede federal officials and mailing threatening communications. Aggregating his Oklahoma sentence with his Kansas sentence to reduce his prison sentence under § 3582(c)(2) would be contrary to § 3584's stated purpose of aggregating prison sentences for administrative purposes, and it would circumvent the Western District of Oklahoma's sentencing decision that Defendant is currently serving. Accordingly, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion Seeking Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE