IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. CLAYTON ALBERS, *Defendant.* | Case No. 93-10020-01-EFM |

### MEMORANDUM AND ORDER

This matter comes before the Court on the Tenth Circuit's Order partially remanding the case to this Court to determine whether excusable neglect or good cause exists for the untimely filing of pro se Defendant Clayton Albers' Notice of Appeal. After remand, the Court issued an order directing Defendant to file a motion addressing the excusable neglect or good cause issue. Defendant did so and filed his "Motion Requesting the Court Authorize for Excusable Neglect or Good Cause Shown, the Late Filing of His Notice of Appeal" (Doc. 577) on December 19, 2022. The Court allowed the government time to respond to Defendant's motion, but the government did not file a response.

Defendant filed a motion for sentence modification or reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] This Court denied Defendant's motion on September 28, 2022. Defendant's time to file a Notice of Appeal expired on October 12, 2022.[2]

On October 24, 2022, Defendant's Notice of Appeal was docketed. Defendant, however, stated in his Notice that it was dated October 14, 2022. In an accompanying Declaration to the Notice of Appeal, Defendant stated under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that he did not receive the Court's order denying his motion until October 12, 2022, and he placed his Notice of Appeal in the prison's internal mail system on October 14, 2022.[3]

On November 10, 2022, the government filed a Motion to Dismiss the Appeal with the Tenth Circuit, arguing that Defendant's appeal was untimely. Ironically, the government's motion was untimely by two days because of a calendaring error by the government. The Tenth Circuit then partially remanded the case to this Court to determine whether excusable neglect or good cause existed to extend Defendant's time to appeal.[4]

Pursuant to Fed. R. App. P. 4(b)(4), "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice— extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of

---

[1] Defendant originally proceeded pro se, but he was represented by counsel when he filed his reply. Defendant proceeded pro se again with his appeal.

[2] Fed. R. App. P. 4(b)(1)(a) provides that a defendant's notice of appeal must be filed within 14 days after the order or judgment being appealed.

[3] "The prison mailbox rule . . . holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (citations omitted).

[4] Doc. 574 (citing *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) for the proposition that a defendant who filed a notice of appeal within the 30-day extension period may obtain relief from the district court upon a showing of excusable neglect or good cause).

the time otherwise prescribed by this Rule 4(b)." When determining whether excusable neglect exists, the factors include: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[5]

Here, there is no danger of prejudice to the government allowing Defendant to appeal the Court's order.[6] Second, the length of delay was minimal because Defendant's placement of his notice of appeal in the prison's mailing system was untimely by two days. Third, Defendant only received the Court's order on October 12—the day his period of appeal expired. He had no control as to when he received the Court's order in the prison mail, and he quickly filed his notice of appeal within two days. As to the final factor, there is no evidence that Defendant acted in bad faith.

Finally, the Court notes that the purpose for determining whether to extend the appeal filing deadline is "at bottom an equitable one."[7] It would appear especially inequitable if the Court refused to extend pro se Defendant's appeal filing deadline when he had no control over when he received his mail containing the appealable order (and he promptly acted on it) when the government itself missed the deadline to file a motion to dismiss Defendant's appeal by calendaring it incorrectly. Fed. R. App. P. 4(b) is "a non-jurisdictional claim-processing rule," and it "may be forfeited if not properly raised by the government."[8] Here, the government invoked

---

[5] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[6] The government did not respond to Defendant's motion so the Court does not have the benefit of any argument.

[7] *Id.* (quoting *Pioneer*, 507 U.S. at 395).

[8] *United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007).

the rule, but not properly, as the government's motion was not timely. Accordingly, the Court finds excusable neglect for the untimely filing of Defendant's appeal.

**IT IS THEREFORE ORDERED** that Defendant's "Motion Requesting the Court Authorize for Excusable Neglect or Good Cause Shown, the Late Filing of His Notice of Appeal" (Doc. 577) is **GRANTED**. The Court finds excusable neglect for the untimely filing of Defendant's Notice of Appeal.

**IT IS SO ORDERED**.

Dated this 25th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE